UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRICKLAYERS AND ALLIED CRAFTWORKERS
LOCAL UNION NO. 3 N.Y. BUFFALO CHAPTER

DANIEL D. ROSE, JAMES R. WITTMAN,
GARY ABORHORN, JAMES C. LOGAN,
JOHN EBERT and MARK PEPE,
as Trustees of
BRICKLAYERS LOCAL 3 PENSION FUND,
BRICKLAYERS LOCAL 3 HEALTH & WELFARE FUND,         **ORDER FOR DEFAULT**
BRICKLAYERS LOCAL 3 ANNUITY FUND,                              **JUDGMENT**
BRICKLAYERS LOCAL 3 TRAINING FUND,                          **05-CV-125S(Sc)**
BRICKLAYERS LOCAL 3 INTERNATIONAL
PENSION FUND,

                                             Plaintiffs,
        v.

O'BRIEN CARPET & TILE, INC.,

                                             Defendant.
_____

Presently before this Court is Plaintiffs' Motion for Default Judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure for violations of Section 502(a)(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132, 1145, and Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185. Defendant has failed to appear in this action and has not filed anything in response to the Show Cause Order. For the following reasons, Plaintiffs' motion is granted.

In their Motion for Default Judgment, Plaintiffs request that a judgment in the amount of $23,104.87 be entered against Defendant for unpaid fringe benefit contributions, penalties, service fees, attorney fees, and costs. Plaintiffs also seek an Order compelling Defendant to permit Plaintiffs to conduct an audit of Defendant's payroll

1

books and records from January 1, 2004, to the present, and ordering Defendant to pay for the cost of the audit.

On June 16, 2005, this Court directed Defendant to appear on June 29, 2005, and show cause why Plaintiffs' Motion for Default Judgment should not be granted. Defendant failed to appear or to file anything in opposition to Plaintiffs' Motion. At oral argument on June 29, 2005, this Court agreed that an audit of Defendant's payroll books by Plaintiff was appropriate pursuant to Article IV, Part C, of the collective-bargaining agreement ("CBA"), but that damages would not be awarded unless Plaintiffs could show how they determined how much they are owed and could demonstrate that Defendant has not made contributions to the funds or payments of the withheld union membership dues.

Since oral argument, Plaintiffs have submitted evidence which substantiates the amounts owed by Defendant. Because Defendant is bound by the requirements of the CBA, but has failed to pay fund contributions or supply a surety bond, default judgment against Defendant is appropriate at this time. Having determined that Plaintiffs are entitled to default judgment, the Court must now determine what amount of money damages will be awarded.

Under 29 U.S.C. § 1132(g)(2), in any action by a fiduciary for or on behalf of a plan to enforce 29 U.S.C. § 1145 in which a judgment in favor of the plan is awarded, the court shall award:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of–
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an
> amount not in excess of 20 percent (or such higher percentage
> as may be permitted under Federal or state law) of the amount

      determined by the court under subparagraph (A),
(D) reasonable attorney's fees and costs of this action, to be paid by the defendants, and
(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. §1132(g)(2).

Plaintiffs have submitted evidence substantiating that Plaintiffs' union employees worked for Defendant and that Defendant has been delinquent in making contributions to the funds. Plaintiffs assert that Defendant did not contribute to the funds between May 2004, and July 2004. According to the information provided to Plaintiffs, Plaintiffs' union employees worked 995.5 hours from May through July 2004 for Defendant, totaling $12,078.42 in unpaid fringe benefit funds.[1] However, Plaintiffs also provided an incomplete Fringe Benefit Fund form, which Defendant submitted to Plaintiff, that indicates that union employees may have worked an additional 141 for Defendant. Plaintiffs have not included these hours in their request for damages. This form constitutes evidence that Defendant may owe more than $12,078.42 to the funds. An audit of Defendant's payroll books is therefore necessary to determine the scope of Defendant's delinquency.

Plaintiffs also request $7,142.32 in penalties accrued at six percent per month from the date delinquent contributions became due through April 25, 2005, and $1,042.21 in service fees equal to ten percent of all delinquent contributions. Plaintiffs are entitled to these penalties and service fees under Article IX, Part C and Article X, ¶ 5 of the CBA, respectively. In addition, Plaintiffs request $2,415.00 in attorney fees for 18.5 hours of

---

[1] The Supplemental Affidavit of James R. Wittman, with exhibits, provides sufficient evidence that Defendant failed to contribute to the funds for hours worked by union employees.

work,[2] and $426.92 in costs. Plaintiffs are entitled to these damages under 29 U.S.C. § 1145, which permits an award of reasonable attorney fees and costs. This Court finds that the attorney fees and costs are reasonable.

Plaintiffs request that this Court order Defendant to cooperate in the conduct of an audit of its payroll books and records for the period January 1, 2004, to the present. However, Plaintiffs have only raised questions regarding fund contributions for the months of May 2004, through July 2004. Mr. Wittman states in his Supplemental Affidavit that "defendant O'Brien paid contributions due and owing to plaintiffs pursuant to the CBA through April 30, 2004." (Supp. Aff. of James R. Wittman, ¶ 22). Therefore, this Court will allow Plaintiffs to audit Defendant's payroll from May 1, 2004, through July 31, 2004. Such relief is premised on this Court's authority under ERISA to order "such other legal or equitable relief as the Court deems appropriate." 20 U.S.C. § 1132(g)(2)(E).

The CBA clearly states that the agreement of the parties is that the employer must submit to audits. Specifically, Article IV, Part C, Section 4 of the CBA states:

> It is mutually agreed that if at any time during the life of this Agreement any question is raised by the Employer of the Union and concurred with by the trustees shall have the right to check payroll, time cards, or any other records to make certain that all terms of this Agreement have been complied with.

CBA, Art. IV, Part C, § 4. This Court will therefore order that Defendant make its books and payroll records available to the Plaintiff Trustees' auditors at reasonable times in the immediate future and otherwise fully cooperate in having a payroll audit conducted by Plaintiffs, or their representatives, concerning the period May 1, 2004, through July 31,

---

[2] Attorney fees consist of 12.5 hours of work by Eric T. Boron at $150.00 per hour and 6.0 hours of work by a paralegal at $90.00 per hour.

2004. Further, because the terms of the CBA clearly require employers who are delinquent to pay for audit costs, this Court will order Defendant to pay for the costs of the audit.

Upon the Motion of the above named plaintiffs for Default Judgment and after reviewing the Affidavit and Exhibits submitted in support of such Motion, and the Supplemental Affidavit and Exhibits submitted in further support for the relief requested, and after hearing Eric T. Boron, Attorney for Plaintiffs, in support of such Motion, and there having been no opposition to such relief and no appearance by Defendant, on the return date of such Motion, and upon the default already entered by the Clerk, and after due deliberation thereof,

IT HEREBY IS ORDERED that Plaintiffs' Motion for Default Judgment (Docket No. 5) is GRANTED.

FURTHER, that the Clerk enter Judgment against the defendant, O'BRIEN CARPET & TILE, INC. and in favor of Plaintiffs, BRICKLAYERS LOCAL 3 PENSION FUND, HEALTH & WELFARE FUND, ANNUITY FUND, TRAINING FUND, AND INTERNATIONAL PENSION FUND in the amount of $23,104.87.

FURTHER, that Defendant, O'BRIEN CARPET & TILE, INC., submit to an audit of its payroll books and records for the period of May 1, 2004 through July 31, 2004, by Plaintiffs, BRICKLAYERS LOCAL 3 PENSION FUND, HEALTH & WELFARE FUND, ANNUITY FUND, TRAINING FUND, AND INTERNATIONAL PENSION FUND.

FURTHER, that Defendant, O'BRIEN CARPET & TITLE, INC., pay the costs of the audit.

FURTHER, that thereafter, this case shall be closed, unless the payroll audit

5

reveals amounts owing greater than the $23,104.87 above-referenced, and in that event, Plaintiffs, BRICKLAYERS LOCAL 3 PENSION FUND, HEALTH & WELFARE FUND, ANNUITY FUND, TRAINING FUND, AND INTERNATIONAL PENSION FUND, shall return to this Court and apply for an amended Order.


Dated:   August 10, 2005
         Buffalo, New York

                                                         /s/William M. Skretny
                                                         WILLIAM M. SKRETNY
                                                         United States District Judge